# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUIS PEREZ and AMANDA SMITH,**

       **Plaintiffs,**

**v.**                                                                                      **Case No:   6:16-cv-412-Orl-41DAB**

**NWB ASPEN, INC. d/b/a Just Karma, and**
**NEIL W. BUTLER,**

       **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION FOR SUMMARY JUDGMENT (Doc. No. 19)**
>
> **FILED:**    May 12, 2016
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED AS MOOT**. *See* Doc. 20.

> **MOTION:**    **AMENDED MOTION FOR SUMMARY JUDGMENT (Doc. No. 20)**
>
> **FILED:**    May 12, 2016
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs Luis Perez and Amanda Smith sue their former employers for alleged violation of the tip credit provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") (Doc. 1). Defendants filed the instant motions for summary judgment, contending that Plaintiffs cannot

establish coverage under FLSA.  The motion is accompanied by the Affidavit of Neil Butler, and attached exhibits (Doc. 20-1 through 20-4).  Plaintiffs have filed a response to the motion (Doc. 23), accompanied by their Affidavits (Doc. 23-1 and Doc. 23-2).  The matter has been referred to the undersigned United States Magistrate Judge.  For the reasons that follow, it is **respectfully recommended** that the amended motion for summary judgment be **granted.**

### *Summary Judgment standard*

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed.R.Civ.P. 56(c)(1)(A).  However, "[t]he court need consider only the cited materials" but may also consider any other material in the record. Fed.R.Civ.P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).   In determining whether a genuine dispute

of material fact exists, the Court must read the record and the evidence presented in the light most favorable to the non-moving party.  *See Porter*, 461 F.3d at 1320.

### *Standard for FLSA coverage*

The Fair Labor Standards Act requires every employer to pay a minimum wage to each of its employees who, in any workweek, is (1) engaged in commerce or in the production of goods for commerce, or is (2) employed in an enterprise engaged in commerce or in the production of goods for commerce.   29 U.S.C. § 206(a).

An employee may establish that he or she qualifies for "individual" coverage if the employee regularly and "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs. Inc,* 448 F.3d 1264, 1266 (11th Cir.2006). To establish whether an employee performed work covered under the FLSA based on individual coverage, a court must focus its inquiry on the activities of the employee and not on the employer. *Mitchell v. Lublin McGaughy & Assoc.*, 358 U.S. 207, 211, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959).   The test to determine whether an employee is engaged in commerce "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld,* 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943).   Employees bear the burden of establishing that they are engaged in interstate commerce.   *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F.Supp.2d 1282, 1292 (M.D.Fla.2005).

With respect to "enterprise" coverage, a covered enterprise under the FLSA is one that:

(A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(I)(A). The statute requires that a business meet both prongs of the test to be liable to employees pursuant to "enterprise" coverage. *Dent v. Giaimo,* 606 F.Supp.2d 1357, 1360 (S.D.Fla.2009); *Scott v. K W Max Investments, Inc.*, 256 Fed. Appx. 244 (11th Cir.2007).

### *Discussion*

According to the Complaint, Just Karma operates as a nightclub in Melbourne, Florida (Doc. 1, Allegation 6). Plaintiffs were employed by Defendants and "their duties involved bartending for the nightclub." (Doc. 1, Allegation 8). In their motion, Defendants contend that Plaintiffs are not covered employees under FLSA in that their work as a bartender for a local establishment is not work in interstate commerce. Defendants also contend that enterprise coverage is unavailable, as the business did not meet the income requirement at any pertinent time. Attached to their motion, Defendants tender copies of income tax filings which support the lack of enterprise coverage.

In their response, Plaintiffs do not dispute the lack of enterprise coverage. Rather, they contend that their handling of credit cards and use of the telephone is sufficient to invoke individual coverage. Specifically, Plaintiffs state in their Affidavits that, as a substantial part of their regular and recurrent duties as bartenders, they processed customers' credit cards to collect payment for the goods served at the bar (Doc. 23-1, Affidavit of Luis Perez; Doc. 23-2, Affidavit of Amanda Smith). Plaintiffs also aver that "a few times a month," they would use "my cell phone" to call the 800 phone number of the credit card processor used by the Defendants' business, to adjust tips or fix the credit card batches from the night before. *Id.* In their brief, Plaintiffs represent that they are currently without knowledge as to where the recipient of those phone calls was located.

As set forth above, in order to establish "individual coverage," each Plaintiff must show that he or she is engaged in commerce or in the production of goods for commerce. *Martinez v. Palace,*

414 Fed. Appx. 243, 245 (11th Cir.2011); *Diaz v. Jaguar Restaurant Group, LLC*, 649 F.Supp.2d 1343, 1346 (S.D.Fla.2009).  Here, Plaintiffs do not contend that the principal activity of a bartender (the preparation and serving of drinks) implicates interstate commerce, but that: 1) they were individually engaged in commerce sufficient to garner coverage through their regular and recurrent processing of their customers' credit cards, and 2) alternatively, a "question of fact" exists as to whether their use of the phone for interstate communications establishes individual coverage, which precludes summary judgment.  Upon review, Defendants have shown that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law.

>With respect to the credit card use, as the Southern District has recently observed:
>
>>Courts have repeatedly held that the mere processing of credit cards, without more, is insufficient to constitute individual coverage, even at the pleading stage. *See Mayo v. Jean Nicole Hair Salons, Inc.,* No. 2:15-CV-115-FTM, 2015 WL 4751202, at *3 (M.D. Fla. Aug. 11, 2015) (holding that "merely using a customer's credit card to ring up the sale does not constitute interstate commerce," particularly where the subject of the transaction was performed locally) (citation omitted); *Schamis v. Josef's Table, LLC,* No. 12-80638-CIV, 2014 WL 1463494, at *4 (S.D. Fla. Apr. 15, 2014) (finding allegations did not demonstrate engagement in commerce based on, inter alia, processing credit card transactions for goods purchased locally); *Marckenson v. LAL Peker, LLC*, No. 1:11-CV-22617-KMM, 2011 WL 5023422, at *4 (S.D. Fla. Oct. 19, 2011) (granting motion to dismiss where the plaintiff "failed to produce any evidence indicating that by merely processing credit cards for goods purchased locally he was engaging in interstate commerce"); see also *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012), as amended (July 17, 2012) ("Usage of credit cards is insufficient for purposes of establishing FLSA individual coverage.") (citation omitted).

*Attai v. Delivery Dudes, LLC*, No. 15-CV-62522, 2016 WL 828816, at *3 (S.D. Fla. Mar. 3, 2016); *see also Martin v. Briceno,* No. 11-23228-CIV, 2014 WL 2587484, at *2-3 (S.D. Fla. June 10, 2014) ("waiters, servers, bartenders, and bus boys are not entitled to individual coverage because their duties involved processing credit card transactions and serving food and beverages").  Plaintiffs fail to address or distinguish any of this authority, which the Court finds to be directly on point and persuasive.

As for the "question of fact" regarding the averred use of a personal cell phone to call an 800 number, the Court sees no genuine material issue sufficient to preclude summary judgment. Crediting the averments of the Affidavits in full, at best, Plaintiffs have shown that "a few times a month" they each call an unknown location. Even if it were established that the unknown location was outside of Florida, this occasional contact is not sufficient to create individual coverage as a matter of law. *See Mayo v. Jean Nicole Hair Salons, Inc.,* No. 2:15-CV-115-FTM, 2015 WL 4751202, at *2-3 (M.D. Fla. Aug. 11, 2015) ("Simply using the phone once a week does not constitute interstate commerce under the FLSA" – hairstylist employee sporadically used telephone to schedule appointments with out of state customers).  As in *Mayo,* the employees here have not shown that their infrequent use of a telephone is "regular and recurrent" interstate activity. *See also Attai, supra* (the "mere use of a telephone or the Internet does not evidence regular use of the instrumentalities of interstate commerce."), *compare Lefevre v. La Cote Basque Winehouse, Inc.,* No. 8:15-CV-1428-T-23TBM, 2015 WL 6704107, at *1 (M.D. Fla. Nov. 3, 2015) ("regular and routine" use of "interstate telephone" sufficient to allege individual coverage in motion to dismiss context).

As Plaintiffs do not contest the lack of enterprise coverage and as they have not met their burden of establishing a genuine issue of material fact with respect to individual coverage, summary judgment for Defendants is appropriate.

### *Recommendation*

For the foregoing reasons, it is **respectfully recommended** that Defendants' Amended Motion for Summary Judgment be **GRANTED.** If this recommendation is adopted, the Clerk of the Court should be directed to enter judgment on behalf of Defendants and close the case.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 6, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy